Per Curiam.

In this case the court properly vacated the award because the arbitrators exceeded their powers. In the document dated May 25, 1948, signed by claimant and sent to respondent, the warehouseman, the claimant expressly stated that the value of his property in respondent’s custody totaled $5,500 and asked for insurance in that sum. Under the terms of the contract, the effect of claimant’s valuation made in 1948 was to substitute $5,500 as the declared and stated value of all three cases of goods stored in place of the $2,500 previously stated in writing by the claimant as such value. Special Term correctly determined that under the contract there was no way of reaching the conclusion that the one case missing out of the three eases stored could be valued in excess of $5,500. The insurance arranged in 1948 was on the documentary evidence adduced clearly part of the storage contract and not a separate and independent insurance contract.
However, section 1462 of the Civil Practice Act provides that when an award is vacated, the court in its discretion may direct a rehearing before the same arbitrators or new arbitrators. In our opinion on this record direction of a rehearing to the same arbitrators would have been proper. Concededly, ease No. 1 was stored and not returned. Concededly too, both parties submitted to the arbitrators the question of the value of the one case not returned. It should be noted that under the terms of the contract the value of $5,500 covered all three eases and not merely ease No. 1. We think, too, that in the light of the state of facts disclosed the arbitrators should have done what they at one time apparently intended to do, namely, inspect the two remaining cases in the storage warehouse before determining the issues.
The order appealed from should be modified so as to affirm vacatur of the award and denial of confirmation thereof but also to add to the order a direction for a rehearing before the same arbitrators. Settle order.
Glennon, J. P., Dore, Cohn, Van Voorhis and Shientag, JJ., concur.
Order unanimously modified so as to affirm vacatur of the award and denial of confirmation thereof but also to add to the order a direction for a rehearing before the same arbitrators and, as so modified, affirmed. Settle order on notice.